UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CR-20505-GAYLES/TORRES

UNITED STATES OF AMERICA,

vs.

KEVIN ABARCA and
JORGE PEREZ-DECESPEDES,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Defendant's Count 13 Motions (the "Report"). [ECF No. 224]. Defendant Kevin Abarca ("Defendant") filed three motions relating to Count 13 of the Superseding Indictment (collectively the "Count 13 Motions"). [ECF Nos. 184, 186, 188].[1] The Count 13 Motions were fully briefed by the parties. [ECF Nos. 200, 202, 204, 216, 217, 218]. On January 31, 2024, the Count 13 Motions were referred to Judge Torres for a report and recommendation. [ECF No. 209]. Judge Torres' Report recommends that the Court grant the Motion to Sever Count 13 and deny both the Motion to Dismiss and the Motion to Strike. [ECF No. 224]. For Count 13, the Report recommends that the Court either (1) try Count 13 separately from the remaining charges and redact the superseding indictment, or (2) bifurcate only the jury findings necessary to adjudicate the ACCA-enhancement issue.[2] *Id.* at 42.

---

[1] Motion to Dismiss Count Thirteen of the Superseding Indictment, [ECF No. 184], Motion to Sever Count 13 (Misjoinder), [ECF No. 186], and Motion to Strike ACCA, [ECF No. 188].
[2] A fifteen-year mandatory minimum sentence prescribed by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

1

The United States of America (the "Government") filed its limited Objections to the Report on March 4, 2024. [ECF No. 225]. Subsequently, Defendant filed his own Objections to the Report on March 7, 2024. [ECF No. 234]. A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having conducted a *de novo* review of the record, agrees with Judge Torres' well-reasoned analysis and conclusion that the Motion to Dismiss Count Thirteen of the Superseding Indictment and the Motion to Strike ACCA should be denied and that the Motion to Sever Count 13 should be granted in part. If at trial Defendant is found guilty of Count 13, the Court will bifurcate the jury's determination of whether the ACCA-enhancement applies.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   The United States' Objections to Magistrate's Report and Recommendation, [ECF No. 225], are **AFFIRMED**;

(2)   Defendant's Objections to Report and Recommendation on Defendant's Count 13 Motions, [ECF No. 234], are **OVERRULED**;

(3)   Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Defendant's Count 13 Motions, [ECF No. 224], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(4)     Defendant Kevin Abarca's Motion to Dismiss Count Thirteen of the Superseding Indictment, [ECF No. 184], is **DENIED;**

(5)     Defendant Kevin Abarca's Motion to Strike ACCA, [ECF No. 188], is **DENIED**; and

(6)     Defendant Kevin Abarca's Motion to Sever Count 13 (Misjoinder), [ECF No. 186], is **GRANTED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE